UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Edward Ivy, # 20294-076,<br><br>              Petitioner,<br><br>vs.<br><br>~~USA,~~<br>Warden of FCI-Edgefield,<br><br>              Respondent. | **C/A No. 2:10-3245-CMC-RSC**<br><br><br><br>**Report and Recommendation** |

## *Background of this Case*

Petitioner is a federal inmate at FCI-Edgefield. In the United States District Court for the Western District of Tennessee in Criminal No. 05-20188-JPM, Petitioner was convicted, pursuant to a jury's verdict, of unlawful possession of a firearm by a convicted felon. On March 7, 2006, the district court in Tennessee sentenced Petitioner to eighteen years and five months in prison with five (5) years of supervised release. The United States Court of Appeals for the Sixth Circuit affirmed the conviction in *United States v. Ivy*, No. 06-5369, 224 Fed.Appx. 461, 2007 WL 870386 (6th Cir. March 22, 2007).

Petitioner's answers on page 2 of the Petition indicate that he filed a motion to vacate pursuant to 28 U.S.C. § 2255 and raised

1

as grounds the exclusion of witness testimony and his sentence enhancement. According to Petitioner's answers, the district court denied the Section 2255 motion on May 20, 2009. A copy of the district court's order in the Section 2255 action appears as an exhibit to Petitioner's memorandum (ECF No. 1-1, at pages 9-24). The docket sheet for the Section 2255 action (Civil Action No. 2:07-cv-02245-JPM-tmp) in the Western District of Tennessee reveals that no appeal was filed in the Section 2255 action.[1]

Petitioner raises one (1) ground in the Section 2241 petition: "Ivy contends that the court erred in the 4B1.4 enhancement of his sentence from 37-46 (Level 14) months to (34) which it made 262-327 months." Petitioner contends that the enhancement was erroneously based on three (3) previous burglary convictions entered in state court because those three convictions were not "crimes of violence" and occurred on "non-dwelling structures[.]" Petitioner also contends that the enhancement was improper because he (Petitioner) never committed an offense or felony while in possession of a firearm.

In his attached memorandum (ECF No. 1-1), Petitioner acknowledges that "district courts are divided on the issue of whether burglary of commercial buildings is [a] crime of

---

[1]Petitioner also has a Section 2241 action pending in the United States District Court for the Western District of Tennessee: *James E. Ivy v. United States*, Civil Action No. 2:10-cv-02852-JPM-cgc, which was filed on November 24, 2010.

violence[.]" (ECF No. 1-1).  Petitioner relies on *United States v.*
*Myers*, 268 F. Supp. 2d 668 (S.D. W.Va. 2003) (burglary of
commercial building not a crime of violence).  *See also United*
*States v. Harrison*, 58 F.3d 115, 119 (4th Cir. 1995), which is
cited in *United States v. Myers*.


## *Discussion*

Under established local procedure in this judicial district,
a careful review has been made of the *pro se* petition pursuant to
the procedural provisions the Anti-Terrorism and Effective Death
Penalty Act of 1996 and other habeas corpus statutes.  The review[2]
has been conducted in light of the following precedents: *Denton v.*
*Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319
(1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden,*
*Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*);
*Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*,
582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147,
1151 (4th Cir. 1978).  Petitioner is a *pro se* litigant, and thus
his pleadings are accorded liberal construction.  *See Erickson v.*
*Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5,
9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319

---

[2]Pursuant to the provisions of  28 U.S.C. § 636(b)(1)(B) and
Local Civil Rule 73.02 DSC, the undersigned is authorized to review
such complaints for relief and submit findings and recommendations
to the District Court.

(1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). Even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The claims raised in the above-captioned case, however, are not proper § 2241 grounds. Whether filed by a state prisoner or federal prisoner, a petition for writ of habeas corpus under 28 U.S.C. § 2241 has only been resorted to only in limited situations — such as actions challenging the administration of parole, *Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, *McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504-505 (6th Cir. 1993); prison disciplinary actions, *United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence, *Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991).

"[A] prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*,

4

13 F.3d 1079, 1080 (7th Cir.1994). Since Petitioner is seeking relief from his sentence entered in the United States District Court for the Western District of Tennessee, the relief requested by Petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255. *See United States v. Morehead*, No. 97 CR 391, 2000 WL 1788398 (N.D. Ill. Dec. 4, 2000):

> Notwithstanding Bennett captioning this pleading under Federal Rule of Criminal Procedure 12(b)(2), this court must construe it as a motion attacking his sentence under 28 U.S.C. § 2255. Regardless of how a defendant captions a pleading, "any post-judgment motion in a criminal proceeding that fits the description of § 2255 ¶ 1 is a motion under § 2255...." *United States v. Evans*, 224 F.3d 670, 672 (7th Cir. 2000). In the pleading at bar, Bennett argues that the court did not have jurisdiction over his criminal case, which is one of the bases for relief under § 2255 ¶ 1. Therefore, this court must construe this motion as a § 2255 motion.

*United States v. Morehead*.

The United States Court of Appeals for the Seventh Circuit has reached a similar conclusion:

> Many decisions in this circuit hold that substance controls over the caption.
>
> Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. See, e.g., *Ramunno v. United States*, 264 F.3d 723 (7th Cir.2001). Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita

5

> > querela, certiorari, capias, habeas
> > corpus, ejectment, quare impedit,
> > bill of review, writ of error, or an
> > application for a Get-Out-of-Jail
> > Card; the name makes no difference.
> > It is substance that controls. See
> > *Thurman v. Gramley,* 97 F.3d 185,
> > 186-87 (7th Cir.1996).
>
> *Melton v. United States,* 359 F.3d 855, 857
> (7th Cir.2004) (emphasis in original). Lloyd's
> motion advanced the kind of arguments and
> sought the kind of relief covered by § 2255
> ¶ 1. It therefore was a collateral attack,
> and because we had not granted permission for
> its commencement the district court was
> obliged to dismiss it for lack of
> jurisdiction. Although a miscaptioned *initial*
> collateral attack does not count for purposes
> of § 2244(b) and § 2255 ¶ 8 unless the
> district judge alerts the prisoner that it
> will use up the one allowed as of right, see
> *Castro v. United States,* 540 U.S. 375, 124
> S.Ct. 786, 157 L.Ed.2d 778 (2003), all later
> collateral attacks must be seen for what they
> are. A captioning error in a successive
> collateral proceeding cannot cost the prisoner
> any legal entitlement, so *Castro* 's warn-and-
> allow-withdrawal approach does not apply. See
> *Melton,* 359 F.3d at 857.

*United States v. Lloyd*, 398 F.3d 978, 979-80 (7th Cir. 2005). *See also United States v. Winestock*, 340 F.3d 200 (4th Cir. 2003).

Many federal prisoners, such as Petitioner, have erroneously attempted to overturn federal convictions by filing a Section 2241 action. *See, e.g., San-Miguel v. Dove*, 291 F.3d 257 (4th Cir. 2002) (upholding dismissal of Section 2241 action filed in the District of South Carolina challenging convictions and sentences entered in the United States District Court for the District of Puerto Rico).

The fact that a Section 2255 action may be untimely or successive does not render a Section 2255 remedy inadequate or ineffective. *Phillips v. Jeter*, Civil Action No. 4:04-CV-0846-Y, 2005 WL 465160, *1-*2 (N.D. Tex. Feb. 25, 2005), *appeal dismissed*, *Phillips v. Jeter*, No. 05-10494, 193 Fed. Appx. 326, 2006 WL 2006 WL 2254537 (5th Cir. Aug. 7, 2006). *Cf. United States v. Winestock*; and *Rhodes v. Houston*, 258 F. Supp. 546 (D. Neb. 1966).

Since the claims that Petitioner seeks to raise in the above-captioned case are cognizable, if at all, under 28 U.S.C. § 2255, Petitioner's available judicial remedy was to seek leave from the United States Court of Appeals for the Sixth Circuit to file a successive Section 2255 motion to vacate. The docket sheet in Petitioner's closed criminal case reveals that Petitioner pursued this remedy, albeit not successfully. *See* ECF No. 70 in Criminal No. 05-20188-JPM, which indicates the United States Court of Appeals for the Sixth Circuit denied Petitioner's motion for leave to file a successive petition. *In Re: James Ivy*, No. 09-5735 (6th Cir. Feb. 18, 2010).

Moreover, Petitioner is actually complaining about a sentence enhancement, not his federal conviction for possession of firearm by convicted felon. Cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). *See also Doe v. Menefee*, 391 F.3d 147 (2d Cir. 2004).

Prisoners, such as Petitioner, often assert actual innocence rather than, or in addition to, "inadequacy and ineffectiveness of remedy" in situations like the present, *i.e.*, where the time limitations for filing an initial § 2255 motion appear to have run without the filing of a motion or where they wish to raise additional issues that were not raised in direct appeals or in any § 2255 motions they did file.

Petitioner's actual innocence claim is facially inadequate to require consideration by this District Court because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence *of the criminal charge* for which he was convicted. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial"); *Doe v. Menefee*, 391 F.3d at 161 (quoting *Schlup* for the evidentiary standard required for a court to consider an actual innocence claim). Rather, Petitioner's actual innocence claim is based on his assertion that the sentencing court improperly gave him an enhanced sentence by reliance on three burglary convictions entered in state courts in Tennessee.

8

Claims of "actual innocence" of an enhanced sentence have been recently considered by this district court in two unpublished opinions. *See, e.g., Brown v. Rivera*, Civil Action No. 9:08-3177-PMD-BM, 2009 WL 960212 (D.S.C. April 7, 2009); and *Chisholm v. Pettiford*, Civil Action No. 6:06-2032-PMD, 2006 WL 2707320 (D.S.C. Sept. 18, 2006). This court in *Brown* and *Chisholm* has rejected the actual innocence claims of federal prisoners made in petitions filed pursuant to 28 U.S.C. § 2241, and relied, in part, on a prior case from this court, *Wyatt Davis v. United States*, Civil Action No. 8:05-2778-GRA, 2006 WL 89505, *6 (D.S.C. Jan. 12, 2006). The *Davis* case relied, in part, on a case decided by the United States Court of Appeals for the Fifth Circuit, *Kinder v. Purdy*, 222 F.3d 209 (5th Cir. 2000).

As in *Kinder, Davis, Brown,* and *Chisholm*, nothing in this case presents more than an allegation of actual innocence of an enhanced sentence — *not the actual innocence of the underlying criminal conviction*. Despite Petitioner's claims that he is innocent of the enhanced sentence, there is no allegation of new evidence, unavailable at the time of conviction, which undermines the validity of Petitioner's criminal conviction for possession of firearm by a convicted felon. *United States v. Poole*, 531 F.3d 263, 267 & n. 7 (4th Cir. 2008) (savings clause applies to convictions but does *not* apply to sentences).

9

Petitioner does not satisfy the three-part test outlined by our Court of Appeals. *In Re Jones*, 226 F.3d 328 (2000). Under the holding of *In Re Jones*, § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. Petitioner does not satisfy the second prong of the *In Re Jones* test because there has been no change in substantive law.

Finally, as noted by the district court in Tennessee in its order denying relief to Petitioner under 28 U.S.C. § 2255 (ECF No. 1-1, at page 21), "burglary" in 18 U.S.C. § 924(e)(2)(B)(ii) means burglary in the "generic" sense. In other words, although the Sentencing Guidelines may have a restricted definition of burglary, the Armed Career Criminal Act has a broader definition. *See Taylor v. United States*, 495 U.S. 575, 598-602 (1990). Morever, the Supreme Court in *Taylor v. United States* noted that if the Section 924(e) enhancement were not available, the Government could still seek an enhancement under the Sentencing Guidelines. *Taylor v. United States*, 495 U.S. at 602 n. 10 ("Even if an enhancement is

10

not available under § 924(e), the Government may still present evidence of the defendant's actual prior criminal conduct, to increase his sentence for the § 922(g)(1) violation under the Federal Sentencing Guidelines."). Petitioner's enhanced sentence was based no statutory law.


## Recommendation

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice and without requiring the respondent to file an answer or return.* See *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, No. C 94-3649 VRW, 1995 WL 150451 (N.D. Cal. March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

Petitioner's attention is directed to the important notice on the next page.

January 4, 2011
Charleston, South Carolina

Robert S. Carr
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).